JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
JUDITH FOX

## DEFENDANTS
ALDI, INC.; ALDI INTERNATIONAL; ALDI

**(b)** County of Residence of First Listed Plaintiff: **MONROE**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Salvatore P.J. Vito, Esquire; (570) 424-8890;
45 North 7th Street, Stroudsburg, PA 18360

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

### CONTRACT
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

### TORTS
**PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☒ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

**PERSONAL INJURY**
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

### REAL PROPERTY
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

### CIVIL RIGHTS
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

### PRISONER PETITIONS
**Habeas Corpus:**
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty
**Other:**
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

### FORFEITURE/PENALTY
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

### LABOR
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

### IMMIGRATION
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

### BANKRUPTCY
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark

### SOCIAL SECURITY
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

### FEDERAL TAX SUITS
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

### OTHER STATUTES
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. Section 1332
Brief description of cause:
Premises liability; Negligence/Gross Negligence

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ In excess of $75,000
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE 12/18/18
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

**LAW OFFICE OF SALVATORE P.J. VITO, P.C.**
Salvatore P.J. Vito, Esquire
Attorney I.D. No. 35963
45 North 7th Street
Stroudsburg, PA 18360
(570) 424-8890 / (570) 424-9260 (fax)
vitolaw@hotmail.com
Attorney for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JUDITH FOX, | : |
| Plaintiff, | : No. |
| v. | : |
| ALDI, INC., and/or ALDI and/or ALDI INTERNATIONAL; | : |
| Defendant. | : |

### COMPLAINT

AND NOW COMES Plaintiff, by and through counsel, and files the following COMPLAINT and in support thereof avers the following:

1. Allegation of jurisdiction founded on diversity of citizenship and amount: Plaintiff is a citizen of the Commonwealth of Pennsylvania, and Defendant exists under the laws of the State of Illinois and has a principal place of business in Illinois. No Defendant exists under the laws of the Commonwealth of Pennsylvania or maintains a principal place of business in the Commonwealth of Pennsylvania. The matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. §1332.

2. Plaintiff is a competent adult with address of 55 Garden Street, Stroudsburg, Pennsylvania 18360.

3. Defendant is an Illinois business corporation with its principal place of business located at 1200 North Kirk Road, Batavia, Illinois 60510.

4. On or about June 5, 2018, Plaintiff was shopping at the ALDI store located at 700 North Ninth Street, Stroudsburg, Pennsylvania 18360, at which time she was struck, while shopping, by a forklift recklessly operated by an employee and/or agent of Defendant, causing Plaintiff to be struck, fall and sustain serious injuries.

## COUNT I – NEGLIGENCE / GROSS NEGLIGENCE

5. On June 5, 2018, it is believed and therefore averred that Defendant was the owner of and/or in possession of and/or in control of the aforesaid premises.

6. Defendant created a dangerous condition on its premises, to wit, creating and/or permitting the improper and dangerous operation of a forklift while absolutely no safety measures were employed such as a proper training and/or supervision, a spotter, signage, a cordoned-off area, audible alarms of presence of vehicle, or any other measure that would have been reasonable under the circumstances, and in violation of acceptable and/or established standards in the industry. Moreover, due to the lack of proper safety measures or warnings, Defendant, by and through its agent and/or employee, recklessly struck the side of Plaintiff's body while she was looking at items on the shelf of Defendant's store.

7. Defendant knew or should have known of the aforesaid dangerous condition and had notice of said dangerous condition, or by reasonable investigation would have discovered the same.

8. As a direct and proximate result of the aforementioned defective and dangerous condition, Plaintiff was struck blindly by a moving forklift and caused to fall and sustain serious injury.

9. At all times material hereto, Plaintiff acted in a careful, cautious, reasonable and prudent manner and was free of any comparative or contributory negligence.

10. At all times material hereto, Plaintiff was free from any comparative negligence and did not in any manner assume the risk of injury or accident.

11. The aforementioned incident resulted in injuries and/or damages which were due in no part whatsoever to any act, or failure to act, on the part of Plaintiff.

12. The benefit of providing safety measures to warn of and prevent such an occurrence greatly outweighed the minimal cost of same.

13. The aforementioned incident and the resulting injuries and damages sustained by Plaintiff directly and proximately resulted from the negligence, carelessness and/or recklessness of Defendant, which conduct consisted of, but was not limited to, the following:

  a) Defendant created and/or permitted a dangerous condition on its premises;

  b) Defendant allowed the aforesaid dangerous condition where Defendants knew or should have known of same; and

  c) Defendant failed to inspect, maintain and/or correct or prevent the dangerous condition in a reasonable and prudent manner.

14. Defendant's negligence, carelessness and/or recklessness also consisted of, but was not limited to, the following:

  a) Defendant hired, employed and promoted various agents, servants, workers and/or employees who had the responsibility or obligation to properly perform work and to properly inspect, maintain, correct and keep safe the subject premises;

  b) Defendant failed to establish procedures and programs to determine whether employees and/or potential employees were and are fit and capable of properly performing the requirements of their respective employment;

  c) Defendant was negligent, careless and/or reckless under the circumstances in the

hiring, employing, training and/or promoting the various agents, servants, workers and/or employees who were responsible for work on the subject property; and

d)   Defendant failed to properly supervise its agents, servants, workers and/or employees.

15. As a direct and proximate result of the aforementioned incident, Plaintiff suffered severe and serious injuries including, but not limited to, serious injury to her head, brain and/or nervous system, said injuries causing pain and headaches, loss of balance, concussion/post-concussive syndrome, further injuries yet to be determined, and other medical problems to such extent that Plaintiff is incapable of returning to work, operating a motor vehicle, or enjoying daily life in general, all of which injuries are and/or may be permanent in nature and/or will progressively worsen.

16. Based on the injuries listed above, Plaintiff has suffered damages including, but not limited to:

a) Pain and suffering;

b) Loss of enjoyment of life;

c) Emotional distress;

d) Diminished earning capacity and lost wages;

e) Medical expenses related to the continued medical care, physical therapy and medication required to treat the aforementioned injuries, which may occur well into the future.

17. Furthermore, the reckless indifference of Defendant in this matter justifies an award of punitive damages.

WHEREFORE, Plaintiff demands judgment against Defendants in an amount in excess of Seventy-Five Thousand ($75,000.00) dollars, plus PUNITIVE DAMAGES, interest and costs, and such other and further relief that the Court deems necessary and just.

### JURY DEMAND

Plaintiff demands a trial by jury.

Respectfully submitted,

LAW OFFICE OF SALVATORE P.J. VITO, P.C.

/s/ SALVATORE P.J. VITO, ESQUIRE
Attorney I.D. No. 35963
45 North Seventh Street
Stroudsburg, PA 18360
Telephone: (570) 424-8890
vitolaw@hotmail.com
*Counsel for Plaintiff*